DOCUMENT FOR PUBLIC RELEASE
The decision issued on the date below is subject to an ASBCA Protective Order.
This version has been approved for public release.

ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of - | ) |
| | ) |
| Chugach Federal Solutions, Inc. | ) ASBCA No. 61320 |
| | ) |
| Under Contract No. N44255-14-D-9000 | ) |

APPEARANCES FOR THE APPELLANT:    Richard B. O'Keeffe, Jr., Esq.
William A. Roberts III, Esq.
Gary S. Ward, Esq.
Cara L. Lasley, Esq.
  Wiley Rein LLP
  Washington, DC

APPEARANCES FOR THE GOVERNMENT:    Craig D. Jensen, Esq.
  Navy Chief Trial Attorney
David M. Marquez, Esq.
Robyn L. Hamady, Esq.
Anthony Hicks, Esq.
  Trial Attorneys

OPINION BY ADMINISTRATIVE JUDGE D'ALESSANDRIS ON THE
GOVERNMENT'S MOTION FOR PARTIAL RECONSIDERATION

Pending before the Board is the government's motion for reconsideration of portions of our June 8, 2023 decision in this appeal. *See Chugach Federal Solutions, Inc.*, ASBCA No. 61320, 23-1 BCA ¶ 38,372. For the reasons stated below we deny the government's motion.

I.   Standard Of Review For Motions For Reconsideration

A motion for reconsideration is not the place to present arguments previously made and rejected. "[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Dixon v. Shinseki*, 741 F.3d 1367, 1378 (Fed. Cir. 2014) (quoting *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003)). Moreover, "[m]otions for reconsideration do not afford litigants the opportunity to take a 'second bite at the apple' or to advance arguments that properly should have been presented in an earlier proceeding." *Dixon*, 741 F.3d at 1378; *see also Avant Assessment, LLC*, ASBCA No. 58867, 15-1 BCA ¶ 36,137 at 176,384. On the other hand, if we have made mistakes in the findings of fact or conclusions of law, or by failing to consider an appropriate matter, reconsideration

DOCUMENT FOR PUBLIC RELEASE
The decision issued on the date below is subject to an ASBCA Protective Order.
This version has been approved for public release.

may be appropriate. *See Robinson Quality Constructors*, ASBCA No. 55784, 09-2
BCA ¶ 34,171 at 168,911; *L&C Europa Contracting Co.*, ASBCA No. 52617, 04-2
BCA ¶ 32,708. The Board has summarized the standard for reconsideration stating
"[i]n short, if we have made a genuine oversight that affects the outcome of the appeal,
we will remedy it." *Relyant, LLC*, ASBCA No. 59809, 18-1 BCA ¶ 37,146
at 180,841. Here, as in *Relyant*, no such mistakes have been identified.

## II. Procedural History

In its motion for partial reconsideration, the government asserts two errors in
our decision: first, that we "erroneously concluded that the Navy did not identify
specific costs for non-performed or late-performed work in FY16" (gov't mot. at 2-3);
and second, that we "erred in holding that the Navy cannot withhold payment for late-
performed work" (gov't mot. at 3-6).

At issue in this motion for reconsideration are the government's withholdings
of contract funds. In November 2015, the government withheld approximately
$450 thousand for specifically identified tasks that were not performed and positions
that were not filled. *See, Chugach*, 23-1 BCA ¶ 38,372 at 186,387; (R4, tab 12.632.3
at GOV421048-1, tab 12.632.2 [native] (spreadsheet detailing deductions)). These
deductions are not in dispute. In addition, the withholding letter provided that the
government would be making "temporary" withholdings, and that if the performance
problems persisted the withholdings would be made permanent at the end of the fiscal
year "once the full extent of the non-conformance is determined" (R4, tab 12.632.3
at GOV421048-2). The withholding amount was initially 10 % of contract payments
due, but was reduced to 5 %. *Chugach*, 23-1 BCA ¶ 38,372 at 186,388.

In its opening post-hearing brief, Chugach argued that the government had not
established a right to withhold a generalized "10% or 5% withholding of the
negotiated contract price" and that the government could not establish that the
withholdings bore a "reasonable relationship" to the damages suffered by the
government (app. br. at 164).[1] With Chugach having raised these issues, it was
incumbent upon the government to identify the legal basis for its withholding. In
addition, it was incumbent upon the government to establish that there was late-
performed or non-performed work and to demonstrate some rational relationship
between the identified work and the withholding.

---

[1] Chugach argued that there was no relationship between the withholding and the harm
   to the government because the government was responsible for Chugach's
   non-performance and late-performance.

DOCUMENT FOR PUBLIC RELEASE
The decision issued on the date below is subject to an ASBCA Protective Order.
This version has been approved for public release.

In its Rule 11 brief, the government addressed Chugach's argument with three sentences and a string-cite of its proposed findings of fact. In its entirety, the government's argument was:

> Moreover, NAVFAC documented significant instances of CFSI's nonperformance, including failure to perform required preventative maintenance across multiple annexes, failure to meet required completion deadlines, and failure to fill key positions required by the WSBOS Contract. **Navy PFF Nos. 375-384**. CFSI admitted that it had not fully performed required work in either FY15 or FY16, the two claim years. **Navy PFF Nos. 378, 380, 385-386**. The work that CFSI failed to perform – e.g., unstaffed key positions, time-based maintenance, late completion, etc. – was not amenable to re-performance. **Navy PFF No. 385**.

(Gov't br. at 82-83) Although not included in the Navy's string cite, our opinion cited the Navy's proposed finding of fact number 387 as the only support for the Navy's 5 percent retainage. This was a declaration by a contracting officer, (but not the contracting officer that instituted the withholding nor the contracting officer that reduced the withholding rate to 5%) stating that "NAVFAC estimated the cost of the FY16 non-performed work as 5% of the contract value of the recurring work." We held that this conclusory statement by a contracting officer was:

> [U]nsupported by citation to any workpapers or documentation of non-performed work. Moreover, Mr. Sandoval does not state that he personally estimated the value of the non- performed [work], but just that "NAVFAC" estimated the cost without identifying the individual or individuals that purportedly estimated the value to be 5 percent.

*Chugach*, 23-1 BCA ¶ 38,372 at 186,400 (citing gov't ex. 1 ¶ 20).

In its Rule 11 reply brief, Chugach again challenged the Navy's withholding as being without a rational relationship to the unperformed work, although this time arguing that the Navy failed to carry its burden and relied "on items it either already valued in its deductive modifications (which suggest double withholding) or late work that Chugach admittedly performed (for which Chugach is entitled to be paid)" (app. reply at 107). Chugach requested, and was granted, leave to file a sur-reply, but did not respond to this issue in its sur-reply.

DOCUMENT FOR PUBLIC RELEASE
The decision issued on the date below is subject to an ASBCA Protective Order.
This version has been approved for public release.

III. The Government's Assertions of Error

    A.  The Navy Did Not Identify Specific Costs For Non-Performed or Late-Performed Work in FY16

In its motion for reconsideration, the government notes that one of its proposed findings of fact, Navy PFF No. 383, cited a Contactor Performance Assessment Rating System (CPAR) review that identified unstaffed positions and late-performed work (gov't mot. at 3). Specifically, this proposed finding of fact establishes that two unstaffed positions that were the subject of specific, enumerated dollar value deductions in FY15 remained unstaffed into FY16. We addressed this evidence in our decision noting that the evidence was not specific and that the government had not cited any probative evidence to link the non-performed and late-performed work in the CPAR to the withholding amount. *Chugach*, 23-1 BCA ¶ 38,372 at 186,400. Even with the government finally identifying a specific example of unperformed work (two positions that were already the subject of a deductive modification) we fail to see a rational relationship between these two positions that were unfilled for portions of the fiscal year, and the $1.6 million dollar retainage. *See, e.g.*, *E. Mass. Prof. Standards Review Org.*, ASBCA No. 33639, 91-3 BCA ¶ 24,301 at 121,432 (requiring withholding to bear "some reasonable relationship" to the work not performed).[2]

Under these circumstances, we see no basis to revisit our findings on this issue.

    B.  We Did Not Hold That The Navy Could Not Withhold Payment For Late Performed Work

The government's second argument is that we improperly held that the Navy could not withhold payment for late-performed work (gov't mot. at 3-6). As noted above, Chugach argued in its Rule 11 brief that the government had not established a right to withhold a generalized 5% or 10% of the contract price (app. br. at 164). It was incumbent upon the government to respond to this argument in its brief. In its motion for reconsideration, the government asserts that the Board erred and now cites to Clause 9303(a)(2) (NAVFAC clause 5252.246-9303), providing that the government can assess liquidated damages; however, the government did not cite that provision in its post-hearing response brief, or its proposed findings of fact (gov't mot. at 4-5). In its response to the motion for reconsideration, Chugach identified this as being a new argument (app. resp. at 4-5). In reply, the government digs deep into the Rule 4 file to find mentions of liquidated damages that were not cited in the Rule 11 briefing (gov't

---

[2] The amount of the withholding is not specified in the Rule 11 briefing, but the contracting officer's final decision references the amount as $1,663,634.80 (R4, tab 4-44 at GOV29305). It is unclear whether this amount includes the $439,353 in specified deductions in FY15 (R4, tab 3-26 at GOV18659-60).

DOCUMENT FOR PUBLIC RELEASE
The decision issued on the date below is subject to an ASBCA Protective Order.
This version has been approved for public release.

reply at 1). We deny the government's motion as it raises an argument that was not raised in the post-hearing briefing. That said, our decision is based upon the record in this appeal and did not hold that the Navy was prohibited from withholding payment for late work. Rather, we held that the Navy had not established entitlement to withhold payment.

<u>CONCLUSION</u>

For the reasons stated above, the government's motion for partial reconsideration is denied.

Dated: October 24, 2023

DAVID D'ALESSANDRIS
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

DOCUMENT FOR PUBLIC RELEASE
The decision issued on the date below is subject to an ASBCA Protective Order.
This version has been approved for public release.

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61320, Appeal of Chugach Federal Solutions, Inc., rendered in conformance with the Board's Charter.

Dated:  October 24, 2023

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals